HARDY, Judge.
Decedent, Ida Lewis Hill, died in the City of Monroe, Ouachita Parish, Louisiana, on February 18, 1965, leaving a document purporting to be her last will and testament in the form of a nuncupative testament by private act. Probate of the will was orally opposed on behalf of two of decedent’s grandchildren, and, pursuant to order issued by the court, opponents filed a written objection to the probate of the testament and a date was fixed for hearing thereof. After hearing there was judgment in favor of the proponent of the will, the testamentary executrix, dismissing the opposition and ordering the last will and testament to be admitted to probate. Opponents petitioned for a sus-pensive appeal from this judgment directed to the Court of Appeal, First Circuit, State of Louisiana. Responsive to subsequent proceedings the suspensive appeal was dismissed and a devolutive appeal was granted to this court.
Opponents-appellants first contend that the will was not probated in accordance with the provisions of C.C.P. Articles 2901, 2903, prescribing the procedure with respect to a contradictory trial of an opposition to the probate of a testament. We confess we are unable to perceive any pertinence, *420 materiality or relevance in this objection. The record discloses that, after oral opposition, in accord with order of the court, opponents filed a written opposition which was tried contradictorily and disposed of by judgment rendered, read and signed on June 22, 1965, in which the opposition was overruled and dismissed. This judgment further ordered “that the last will and testament of Ida Lewis Iiill be admitted to probate on June 29th, 1965, at 9:30 o’clock, A.M.”
The burden of opponents’ objection on this point appears to be, as best we can ascertain, that the will should have been formally probated in the judgment following the contradictory hearing which dismissed the opposition and admitted the will to probate.
The contradictory trial was held in accordance with the articles of the Code of Civil Procedure enumerated supra. The judgment rendered after this trial effectively disposed of the opposition and the mere fact that the formal action of probate was fixed for a later date does not present any real issue. Learned counsel for appellants has not so much as indicated any prejudice resulting from this action. The objection on this point appears to us to be of that super-technical nature which is reprobated by modern procedure and jurisprudence.
On the merits the opposition to the probate of the document was based on the following grounds:
(1). That the testator lacked the mental capacity to make a testament.
(2). That the testament was not executed in compliance with the formalities of law prescribed for a nuncupative testament by private act in that said purported testament was not read by the testator to the witnesses or by one of the witnesses to the rest of the witnesses in the presence of the testator; and
(3). That the purported testament was not presented by the testator to the witnesses as required by law and was not declared by the testator to the witnesses to be the testament of the testator.
The record contains no evidence of any nature with respect to the first objection on the ground of lack of mental capacity, nor is any issue made of this point on appeal, and, therefore, it is considered as having been abandoned. In any event, the record discloses no ground for its consideration.
The other objections relate to the form of the nuncupative testament under private signature as provided by R.C.C. Articles 1581, 1582, and the proof in support of the compliance therewith.
The testament itself reflects full compliance with the provisions of the codal articles ; recites that the document was written by one of the witnesses at the dictation of the testator out of the presence of the undersigned witnesses, residents of the Parish of Ouachita; was signed by the testator ; was presented by her to the witnesses; was caused to be read aloud by one of the witnesses in the presence of the testator and the other witnesses, and was declared to the witnesses to be the last will and testament of the testator. The instrument was signed by the testator and by five witnesses, including the witness who wrote the will at the dictation of the testator, and read the same to the other witnesses.
At the contradictory trial responsive to the opposition the above recitals of the will were supported by the testimony of four of the witnesses who appeared at the trial including the witness who wrote and read the will.
We find no basis in law nor in fact which supports the asserted objections made by *421 appellants. Counsel has cited no authority nor have we discovered any in the jurisprudence of this state which would offer the slightest support for the grounds of opposition in this case.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.